UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID RAMOS,

    Plaintiff,

v.

ATTORNEY DAVID L. MISTACHKIN,

    Defendants.

Case No. C07-5197FDB

REPORT AND RECOMMENDATION

**NOTED FOR:**
**June 8, 2007**

    This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. The plaintiff is proceeding *in forma pauperis*.

    Plaintiff in this action is challenging actions of his assigned counsel in a criminal proceeding. Plaintiff alleges he told his counsel to file an appeal and none has been filed (Dkt. # 1, proposed complaint). Plaintiff asks for review of his criminal case in this civil rights action (Dkt. # 1, page 4).

DISCUSSION

    When a complaint fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy,

REPORT AND RECOMMENDATION- 1

745 F.2d 1221, 1228 (9th Cir. 1984)). In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

When a person confined by the state is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).  The complaint fails to state a cause of action under 42 U.S.C. § 1983.

Plaintiff alleges his counsel did not follow his instructions to appeal his criminal conviction. He asks for review of the criminal case. Were plaintiff to prevail, the decision would call into question the

REPORT AND RECOMMENDATION- 2

1 propriety of his current incarceration. Plaintiff must proceed in habeas corpus

2 Further, a defense attorney, even if they are assigned counsel, does not act under color of
3 state law. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

4 Amendment appears futile given that the only named defendant is not a state actor. Plaintiff's
5 attorney in a criminal case does not act under color of state law and simply cannot be a proper
6 defendant in a civil rights action. *See* Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

7 This action should be **DISMISSED WITH PREJUDICE**. This dismissal counts as a strike
8 pursuant to 28 U.S.C. 1915 (g). A proposed order accompanies this Report and Recommendation.

9 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,
10 the parties shall have ten (10) days from service of this Report to file written objections. *See also*
11 Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of
12 appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule
13 72(b), the clerk is directed to set the matter for consideration on **June 8, 2007** as noted in the
14 caption.

16 DATED this 14 day of May, 2007.

18 */S/ J. Kelley Arnold*
J. Kelley Arnold
19 United States Magistrate Judge

28 REPORT AND RECOMMENDATION- 3